Mr. Robert S. Moore, Jr., Director Arkansas Alcoholic Beverage Control Division 100 Main Street, Suite 503 Little Rock, AR 72201
Dear Mr. Moore:
This is in response to your request for an opinion regarding Act 528 of 1993, and its effect on several other Code sections governing the retail beer permitting process. Your first question involves the penalty imposed under A.C.A. § 3-4-216 (as amended by Act 779 of 1993).[1] Your question concerns the amount your office will charge persons who renew their permits late under § 3-4-216 after the effective date of Act 528. You have asked, specifically:
 After the effective date of Act 528 of 1993, which retail beer permit fee will the penalty phase contained within A.C.A. § 3-4-216 apply to: (1) The $40 retail beer permit fee that was in effect on June 30, 1993, or (2) The new retail beer permit fee of $200 per year since, after the act's effective date, a $200 per year figure will be the new `required yearly renewal fee' from that time forward?
Your second area of inquiry concerns the application fee itself. You have asked the following two questions in this regard:
 Should applications received prior to the effective date of Act 528 that can, at the earliest, be considered at the Board's September 15 meeting be accompanied by the $40 fee or the $200 fee?
 Should applicants be required to submit an additional $160 before receiving their permits when the applications are approved conditionally prior to the effective date of Act 528, but such conditions are not met (and the permit accordingly not issued) until after the effective date?
As you note, Section 1 of Act 528 of 1993 amended A.C.A. §3-5-205(a)(3) to increase the retail beer permit to $200.00. The act has no emergency clause, and will therefore become effective on August 13, 1993.
With regard to your first question, it is my opinion that the late renewal penalty will apply to the permit fee in effect on June 30, 1993. Section 3-4-216 states in relevant part that permits are renewable ". . . on or before June 30 of each calendar year for the fiscal year beginning July 1," and that persons desiring to renew their permits after June 30:
 . . . shall be required to pay a late renewal penalty in the amount of one half (½) of the required yearly renewal fee for the permit for each sixty-day period, or any portion thereof, after June 30, wherein the renewal is tendered, in addition to the amount of the yearly fee. [Emphasis added.]
A.C.A. § 3-4-216(b).
The above language regarding the "required yearly renewal fee" reasonably has reference to the fee to be paid by those renewing on June 30. Provision is made, however, for late renewal, with the penalty based on that fee. Thus, with regard to late renewal of a retail beer permit, the penalty is based on the $40.00 permit fee in effect on June 30, 1993.
This conclusion is consistent with the well-established rule that legislative enactments will ordinarily be deemed to apply prospectively only, unless the intent for retroactive application is clearly expressed or necessarily implied. See
generally Abrego v. United Peoples Fed. Sav. Loan,
281 Ark. 3088, 664 S.W.2d 858 (1984). There is no indication in Act 528 that the legislature intended to apply the increased fee retroactively. And a retroactive application would, in my opinion, result if the penalty under § 3-4-216 is calculated based upon the increased yearly fee for those persons whose permits are renewable on or before June 30.[2]
With regard to your second area of inquiry involving the application fee, it is my opinion in response to your first question that applications received prior to August 13, 1993, should be accompanied by the $40.00 fee. Arkansas Code Annotated § 3-5-302 (Cum. Supp. 1991), which governs the permit application process, states that the application must be ". . . accompanied by the fee required by law. . . ." It must be concluded that the "fee required by law" is the fee which is in effect when the application is filed. With regard to applications filed prior to August 13, 1993 (the effective date of Act 528), this will obviously be the $40.00 fee. I cannot conclude, in light of the presumption against retroactivity noted above, that the legislature intended the increased fee to apply to these applications. The fact that the application is not acted on until after August 13 does not, in my opinion, compel a different result. The application must be accompanied by the fee, and the legislature has not expressed its intent for Act 528 to apply to previously filed applications.
The answer to your second question regarding conditionally approved applications will, in my opinion, depend upon the facts surrounding the final approval. I am uncertain as to the significance of the failure to meet any conditions imposed under a "conditional approval." One possibility is that the initial application is, in effect, denied when the conditions are not met, thus in essence requiring new application. If the subsequent application is made after August 13, 1993, it may reasonably be concluded that the increased ($200.00) fee will apply. It is apparent, however, that a conclusive determination cannot be made without further information surrounding the "conditional approval" process.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] The 1993 amendment is not relevant for purposes of your question.
[2] The period for late renewal extends to March 1 of each fiscal year. A.C.A. § 3-4-216(d). The penalty will thus be based on the $40 permit fee for those renewing their retail beer permits within this authorized period. After March 1, 1994, these persons will be subject to the new $200.00 fee.